```
                              FILED
                       CLERK, U.S. DISTRICT COURT
                              4/18/2023
                       CENTRAL DISTRICT OF CALIFORNIA
                       BY: ____TV____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>KAREN SARGSYAN,<br><br>      Defendant. | CR 2:23-cr-00180-JAK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

### COUNTS ONE THROUGH TWELVE

[18 U.S.C. § 1344(2)]

A. **INTRODUCTORY ALLEGATIONS**

At times relevant to this Indictment:

1. Defendant KAREN SARGSYAN was a resident of Los Angeles County, California.

2. American Express ("AMEX"), JP Morgan Chase Bank, N.A. ("Chase"), Bank of America, N.A. ("Bank of America"), and Discover Financial Services ("Discover") were financial institutions insured by the Federal Deposit Insurance Corporation.

3. A "bust-out" fraud scheme typically follows a general framework that starts when a consumer applies for and uses credit under his or her own name to make transactions. The perpetrator makes on-time payments to maintain a good account standing, with the intent of bouncing a final payment and abandoning the account. The perpetrator builds up a history of good behavior with timely payments and low utilization. Over time, the perpetrator obtains additional lines of credit and requests higher credit limits. Eventually, the perpetrator uses all available credit and stops making payments. Near the end of the scheme, the perpetrator makes payments with bad checks, from a closed bank account, or from a bank account with insufficient funds, knowing that the posting of the purported payment would facilitate the perpetrator's ability to incur further charges because it would cause the debt balance of the credit card to temporarily return to zero. Then, before the credit card company realizes that the debt was paid off with a bad check, from a closed bank account, or from a bank account with insufficient funds, the perpetrator incurs additional charges, usually up to or near the credit limit, before the credit card issuer discovers that the posted payment was fraudulent. The perpetrator does this with the intent to never repay the credit card debt, leaving the credit card company accountable for the loss amount instead of the perpetrator.

B. <u>SCHEME TO DEFRAUD</u>

4. Beginning no later than in or around June 2022, and continuing through at least in or around July 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant SARGSYAN, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and with intent to

defraud, devised, participated in, and executed a scheme to obtain moneys, funds, credits, assets, and other property owned by, and under the custody and control of federally-insured financial institutions, including AMEX, Chase, Bank of America, and Discover, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

5. The fraudulent scheme operated, in substance, as follows:

a. Defendant SARGSYAN obtained credit cards, in his own name, from various financial institutions, including AMEX, Chase, Bank of America, and Discover.

b. Defendant SARGSYAN used the credit cards to build up a history of good behavior with timely payments and low utilization, which defendant SARGSYAN used to obtain additional lines of credit with multiple financial institutions.

c. Defendant SARGSYAN would then make a large purchase up to or close to the credit limit of the credit card, initiate a payment that defendant SARGSYAN knew would not clear, which would lower defendant SARGSYAN's outstanding balance with the respective financial institution, which would then allow defendant SARGSYAN to make purchases above the credit limit.

d. Defendant SARGSYAN would initiate additional payments to the credit card companies also knowing that the payments would not clear due to insufficient funds. At the time defendant SARGSYAN initiated payments to Discover, Chase, AMEX, and Bank of America, he knew that the accounts from which he initiated the payments did not have sufficient funds to cover the amount of the payment. In so doing, defendant SARGSYAN misrepresented to Discover, Chase, AMEX, and Bank of America that they would be receiving funds which would be

applied to lower defendant SARGSYAN's outstanding balance with the respective financial institution.

   e. Defendant SARGSYAN knew that Discover, Chase, AMEX, and Bank of America would rely on this misrepresentation and in turn each financial institution would decrease defendant SARGSYAN's outstanding balance with the financial institution, which would permit defendant SARGSYAN to make charges in excess of the credit limit each respective financial institution provided to defendant SARGSYAN, before the financial institution realized the payment did not clear.

   f. Defendant SARGSYAN then would cease making any further payments owed on the credit cards.

B. EXECUTIONS OF THE FRAUDULENT SCHEME

  6. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant SARGSYAN committed, the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | 07/04/2022 | Use of Discover Account ending in 9941 to make a $9,595.80 purchase from eBay Commerce Inc. |
| TWO | 07/07/2022 | Use of Chase Account ending in 5047 to make a $31,100.00 purchase from eBay Commerce Inc. |
| THREE | 07/08/2022 | Initiated a payment to AMEX Account ending in 2005 in the amount of $99,000 knowing that the payment would not clear due to insufficient funds. |
| FOUR | 07/13/2022 | Use of AMEX Account ending in 2005 to make a $58,049.17 purchase from eBay Commerce Inc. |
| FIVE | 07/14/2022 | Use of Bank of America Account ending in 9597 to make a $19,452.64 purchase from eBay Commerce Inc. |

| COUNT | DATE | ACT |
|---|---|---|
| SIX | 07/15/2022 | Initiated a payment to AMEX Account ending in 2005 in the amount of $103,605.86 knowing that the payment would not clear because the defendant was not an authorized signor on the account used to initiate the payment. |
| SEVEN | 07/17/2022 | Initiated a payment to Bank of America Account ending in 9597 in the amount of $21,575.29 knowing that the payment would not clear due to insufficient funds. |
| EIGHT | 07/18/2022 | Initiated a payment to Bank of America Account ending in 9597 in the amount of $21,575.29 knowing that the payment would not clear due to insufficient funds. |
| NINE | 07/18/2022 | Initiated a payment to Discover Account ending in 9941 in the amount of $8,759.09 knowing that the payment would not clear due to insufficient funds. |
| TEN | 07/21/2022 | Initiated a payment to Discover Account ending in 9941 in the amount of $8,473.71 knowing that the payment would not clear due to insufficient funds. |
| ELEVEN | 07/18/2022 | Initiated a payment to Chase Account ending in 5047 in the amount of $44,814.70 knowing that the payment would not clear due to insufficient funds. |
| TWELVE | 07/21/2022 | Initiated a payment to Chase Account ending in 5047 in the amount of $37,000 knowing that the payment would not clear due to lack to insufficient funds. |

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Twelve of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense, including but not limited to the following:

- Eighty-seven gold bars and coins seized on July 21, 2022, in Tarzana, California.

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                            /S/
                                        _____
                                        Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

JUAN M. RODRIGUEZ
Assistant United States Attorney
Environmental and Community Safety Crimes Section